UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-2404-JAK (KK) | Date: | March 23, 2020 |
| Title: | *Mario Jijon v. Scott Frauenheim* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Petitioner:  Attorney(s) Present for Respondent:

None Present  None Present

**Proceedings:** (In Chambers) Order To Show Cause Why The Petition Should Not Be Dismissed For Failure To Exhaust State Remedies

## I.
## INTRODUCTION

On March 6, 2020, Petitioner Mario Jijon ("Petitioner"), who is currently incarcerated in Pleasant Valley State Prison in Coalinga, California, constructively filed[1] a pro se Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("Section 2254"). See ECF Docket No. ("dkt.") 1, Pet. Petitioner challenges his 2017 convictions in Los Angeles Superior Court for attempted first degree murder and assault with a deadly weapon with enhancements for inflicting great bodily injury and use of a deadly weapon. Pet. at 1. The Petition sets forth four grounds for habeas relief: (1) "false evidence" relating to witness testimony, DNA, and juror misconduct ("Claim One"); (2) ineffective assistance of trial counsel for (a) failing to request an instruction on unreasonable subjective provocation ("Claim Two(a)") and (b) failing to raise issues of juror misconduct ("Claim Two(b)"); (3) denial of due process ("Claim Three"); and (4) eligibility for resentencing pursuant to Section 667(a) of the California Penal Code ("Claim Four"). Id. at 5-11.

The Petition, however, appears subject to dismissal because Petitioner has not exhausted his state remedies with respect to Claims One, Two(b), and Four. The Court will not make a final

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to address this issue. The Court directs Petitioner to review the information that follows, which provides additional explanation as to why the Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, Petitioner appealed his conviction and sentence to the California Court of Appeal. Pet. at 2; see People v. Jijon, No. B286925, 2019 WL 101971 (Cal. Ct. App. Jan. 4, 2019). In his appeal, Petitioner presented four claims: (1) there was insufficient evidence to show Petitioner acted with premeditation; (2) the trial court erred by failing to instruct the jury on the lesser offense of attempted voluntary manslaughter; (3) Petitioner's trial counsel was ineffective for failing to request a jury instruction on provocation; and (4) Petitioner was eligible for resentencing pursuant to Section 667(a) of the California Penal Code. Jijon, 2019 WL 101971 at *1.

Petitioner then filed a petition for review with the California Supreme Court (Case no. S253873), which was denied. Pet. at 2; California Courts, Appellate Courts Case Information, Disposition (Mar. 18, 2020, 2:32 PM) https://appellatecases.courtinfo.ca.gov/search/case/main CaseScreen.cfm?dist=0&doc_id=2277788&doc_no=S253873&request_token=NiIwLSEmXkw8Wy AtSCJNUEpJQEg0UDxTJiIuJz1TQCAgCg%3D%3D. In the petition for review, Petitioner presented three claims: (1) there was insufficient evidence to show Petitioner acted with premeditation; (2) the trial court erred by failing to instruct the jury on the lesser offense of attempted voluntary manslaughter; and (3) Petitioner's trial counsel was ineffective for failing to request a jury instruction on provocation.

Petitioner concedes he has not filed a petition for writ of habeas corpus in state court. Pet. at 3.

Accordingly, while Claims Two(a)[2] and Three[3] appear to be exhausted, Claims One, Two(b), and Four do not appear to have been exhausted on direct appeal. Claim One was not raised in either Petitioner's appeal to the California Court of Appeal or his petition for review to the California Supreme Court. Jijon, 2019 WL 101971 at *1; Pet. at 40. With regard to Claim Two(b), while Petitioner presented an ineffective assistance of counsel claim on direct appeal, the scope of the claim was limited to counsel's failure to request an instruction on provocation—counsel's failure to raise juror misconduct issues was not presented. Jijon, 2019 WL 101971 at *1, *5; Pet. at 40. Finally, while Petitioner did present Claim Four on direct appeal to the California Court of Appeals, he did not raise this issue in his petition for review to the California Supreme Court. Jijon, 2019 WL 101971 at *6; Pet. at 40. Accordingly, the Petition appears to be a mixed petition and subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

## III.
## ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than April 13, 2020.** Petitioner must respond to this Order pursuant to one or more of the options listed below.

**Option 1 - Petitioner May Explain Claims One, Two(b), and Four are Exhausted:** If Petitioner contends he has in fact exhausted his state court remedies on Claims One, Two(b), and Four, he should clearly explain this in a written response to this Order. Petitioner should attach to his response copies of any documents establishing that Claims One, Two(b), and Four are indeed exhausted. Petitioner may also file a response, and include a notice that, if the Court still finds Claims One, Two(b), and Four to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Petitioner May Voluntarily Dismiss Claims One, Two(b), and Four And Proceed Only On Exhausted Claims Two(a) and Three:** If Petitioner wishes to proceed on the exhausted Claims Two(a) and Three only, he may file a request to voluntarily dismiss Claims One, Two(b), and Four. The Court advises Petitioner that if he elects to proceed now with only his exhausted claims, any future habeas petitions containing Claims One, Two(b), and Four, or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

---

[2] Claim Two(a) presents a claim of ineffective assistance of counsel for failure to request an instruction on provocation which was presented in both Petitioner's appeal to the California Court of Appeal and his petition for review to the California Supreme Court.

[3] In support of Claim Three, Petitioner "submits his Petition for Review from the [California] Supreme Court to have all of the same grounds raised." Pet. at 9. Claim Three was, therefore, necessarily exhausted because Petitioner explicitly requests relief based on the same grounds already raised to the California Supreme Court.

**Option 3 - Petitioner May Request A _Rhines_ Stay:** Under Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts. Id. at 276; Mena v. Long, 813 F.3d 907 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner may file a motion for a Rhines stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See id. Petitioner should include any evidence supporting his request for a Rhines stay.

**Option 4 - Petitioner May Request A _Kelly_ Stay:** Under Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. Id. at 1070-71. This is called a "Kelly stay." Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005)).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King, 564 F.3d at 1140-41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (citation omitted).

Petitioner may file a motion for a Kelly stay and follow the three-step procedure above. First, Petitioner must file a proposed notice voluntarily dismissing Claims One, Two(b), and Four. See id. at 1135. The Court will then stay and hold in abeyance the fully exhausted Petition containing only the exhausted Claims Two(a) and Three and allow Petitioner the opportunity to exhaust the deleted Claims One, Two(b), and Four in state court. See id.

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice as a mixed petition and for his failure to comply with court orders and failure to prosecute.** See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**